## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RICHARD L. WALTRIP,

        Plaintiff,

v.                                                              Case No. 14-10886
                                                                Honorable Denise Page Hood

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge R. Steven Whalen's

Report and Recommendation on Defendant Commissioner's Motion for Summary

Judgment **[Docket No. 11, filed July 9, 2014]** and Plaintiff Richard Waltrip's

Motion to Remand Pursuant to Sentence Four **[Docket No. 9, filed June 23, 2014]**.

Neither Plaintiff nor Defendant filed an objection to the Report and

Recommendation**.** For the reasons stated below, the Court **ADOPTS** the

Magistrate Judge's Report and Recommendation in its entirety **[Docket No. 13,**

**filed February 9, 2015]**. Defendant Commissioner's Motion for Summary

Judgment **[Docket No. 11, filed July 9, 2014]** is **DENIED**. Plaintiff's Motion to

Remand Pursuant to Sentence Four **[Docket No. 9, filed June 23, 2014]** is

**GRANTED**.

Judicial review of the Commissioner's decision is limited in scope to

determining whether the Commissioner employed the proper legal criteria in

reaching his conclusion. *Garner v. Heckler*, 745 F.2d 383 (6th Cir. 1984)).  The

credibility findings of an administrative law judge ("ALJ") must not be discarded

lightly and should be accorded great deference. *Hardaway v. Secretary of Health*

*and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987).  A district court's review

of an ALJ's decision is not a *de novo* review.  The district court may not resolve

conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at

397.  The decision of the Commissioner must be upheld if supported by substantial

evidence, even if the record might support a contrary decision or if the district

court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106,

108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

Remand is appropriate under sentence four of 42 U.S.C. § 405(g)

since the ALJ failed to apply the appropriate standards in denying disability

benefits.  The Supreme Court  recognizes only two kinds of remands involving

social security cases–those pursuant to sentence four and those pursuant to

sentence six of 42 U.S.C. § 405(g). *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991); *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990). The Supreme Court concluded that Congress's explicit delineation in § 405(g) regarding circumstances under which remands are authorized clearly showed that Congress intended to limit the district court's authority to enter remand orders in these two types of cases. *Melkonyan*, 501 U.S. at 100. Sentence four allows a district court to remand in conjunction with a judgment affirming, modifying or reversing the Commissioner's decision. *Id.* at 99-100. Sentence four remands are appropriate in situations where the decision maker incorrectly applied the regulations in denying disability benefits. *Faucher v. Secretary of Health & Human Servs.*, 17 F. 3d 171, 174 (6th Cir. 1994). In such situations the district court must reverse the Commissioner's decision and remand the matter for further proceedings in order to correct the error. *Id.* A judgment must be entered immediately with a sentence four remand and the district court does not retain jurisdiction during the administrative proceedings on remand. *Melkonyan,* 501 U.S. 101-02. Failure to remand under sentence four and retention of jurisdiction is error. *Shalala v. Schaeffer,* 509 U.S. 292, 299 (1993). A sentence four remand is a judgment for the plaintiff. *Id.* at 302 (citations omitted).

"[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is" insufficient.  *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).   A party's failure to file any objections waives his or her right to further appeal, *see Smith*, 829 F.2d at 1373, and relieves the Court from its duty to review the matter independently.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusion for the proper reasons.  The Court agrees with the Magistrate Judge that the ALJ's interpretation of the medical evidence is not a sufficient reason to reject Dr. Douglas Benton's records noting Plaintiff's medical issues and treatment, and his assessment of Plaintiff's functional capabilities.  The ALJ did not find Plaintiff's statements regarding his symptoms to be credible due to his occasional marijuana use and ability to leave

town on one occasion.   This finding is erroneous when considering that the medical records from each month show disability level restrictions.

The Magistrate Judge reviewed the ALJ's findings and the record thoroughly in reaching his conclusion.  The Magistrate Judge set forth specific examples of how the ALJ's findings were not supported by the record.

The Court notes that the Magistrate Judge also notified the parties of their right to "seek review of this Report and Recommendation" and reminded them of the timeline in which to do so.  As previously stated, neither Plaintiff nor Defendant have filed any objections to the Magistrate Judge's February 9, 2015, Report and Recommendation.  The Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge R. Steven Whalen **[Docket No. 13, filed February 9, 2015]** is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[Docket No. 11, filed July 9, 2014]** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand Pursuant to Sentence Four **[Docket No. 9, filed June 23, 2014]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** for an award of benefits for the period between June 3, 2008, and July 31, 2009, and for further fact-finding for the period beginning August 1, 2009.

**IT IS SO ORDERED.**

**S/Denise Page Hood** _____
**Denise Page Hood**
**United States District Judge**

**Dated: March 31, 2015**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2015, by electronic and/or ordinary mail.**

**S/LaShawn R. Saulsberry** _____
**Case Manager**

6